IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CADFI CORP;**<br>**DAVID FIGUEROA;**<br>**WILFREDO TORRES;**<br><br>**Plaintiffs**<br><br>v.<br><br>**LUMA ENERGY, LLC; LUMA**<br>**ENERGY SERVCO LLC;**<br>**AUTORIDAD DE ENERGÍA**<br>**ELÉCTRICA DE PUERTO RICO;**<br>**MUNICIPIO DE SAN JUAN;**<br>**FULANOS DE TAL 1-100**<br><br>**Defendants** | Civil No. |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§1331, 1441, 1443 and 1446 defendant the Municipality of San Juan files this notice that this civil action has been removed from the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, in San Juan, Puerto Rico to the United States District Court for the District of Puerto Rico.

<u>Removal Is Timely</u>

1.   On June 6, 2022, the Plaintiffs filed the instant complaint before the Court of First Instance, San Juan Part, Commonwealth of Puerto Rico.

2.   On June 28, 2022, Plaintiffs served process upon the Municipality of San Juan.

3.   Today, on July 27, 2022, defendant Municipality of San Juan is filing the instant notice of removal, within the statutory time frame. See 28 U.S.C. § 1446(b)(1).

4. Venue is proper in this district because the United States District Court for the District of Puerto Rico is the district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## Removal Is Proper Under 28 U.S.C. § 1441

5. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. The instant complaint alleges that defendants are not in compliance with Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 through 12134 and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  The Plaintiffs allege that Defendant Municipality of San Juan has a policy and custom of no intervention when the other defendants named in the action allegedly dig holes and install utility poles within the sidewalks in the territory of the Municipality.  The Plaintiffs further claim that said alleged practice results in physical barriers that impede the movement of persons with disabilities around and about the sidewalks.  As remedy, Plaintiffs claim that the Municipality and the other defendants must repair and maintain the sidewalks free from the barriers of utility poles.  The Plaintiffs are also demanding nominal damages and injunctive relief.  Should Plaintiffs get their way in the instant action, there is a potential for substantial liability for defendants.

7. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. This Court has jurisdiction over this action under 28 U.S.C. § 1441(a), 1443 and 1446. Under § 1446 (a), "[a] defendant or defendants desiring to remove any civil action from a

State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.  Accordingly, removal is appropriate in the instant action."

<u>Consent of Other Defendants</u>

9. Section 28 U.S.C. § 1446 (b)(2)(A) directs that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  Pursuant to the removal papers submitted herein, defendants that have been properly joined and served have expressed their consent to the Notice of Removal.

<u>Removal Papers</u>

10. In accordance with 28 U.S.C. § 1446(a), defendant Municipality of San Juan attaches the following items as part of the Notice of Removal:

| **Exhibit** | **Description** |
|---|---|
| Exhibit 1 | Civil Cover Sheet |
| Exhibit 2 | Category Sheet |
| Exhibit 3 | Original Complaint |
| Exhibit 4 | English Translation of Complaint |
| Exhibit 5 | Summons to the Municipality of San Juan |
| Exhibit 6 | Summons to LUMA Energy, LLC |
| Exhibit 7 | Summons to LUMA Energy Servco, LLC |
| Exhibit 8 | Summons to "Autoridad de Energía Eléctrica de Puerto Rico" |

| | |
|---|---|
| Exhibit 9 | Notice of Consent to Removal by LUMA Energy, LLC and LUMA Servco, LLC, jointly |
| Exhibit 10 | Notice of Consent to Removal by "Autoridad de Energía Eléctrica" |

Notification to the Commonwealth Court

11. Defendant Municipality of San Juan is providing notice of removal of this action to the Commonwealth of Puerto Rico Court of First Instance, Superior Court, San Juan Part.

CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing Notice of Removal, with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to all appearing parties and counsels using the Court's electronic system.

In San Juan, Puerto Rico, 27 July 2022.

Respectfully Submitted,

s/Angel A. Valencia-Aponte

Angel A. Valencia-Aponte
USDC-PR 123905
Counsel for Defendant Municipality of San Juan

PO Box 361917
San Juan, Puerto Rico 00936
Telephone: 787-245-0009
Email address: avalencia@aavalaw.com